**Opinion filed July 27, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00176-CR

_____

## JOE ANTHONY ALVAREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 19636B**

## O P I N I O N

Joe Anthony Alvarez pleaded guilty to the first-degree felony offense of possession of a controlled substance, methamphetamine, with intent to deliver.[1] The trial court assessed punishment at confinement for forty years and sentenced him.

---

[1]TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2017).

In a single issue on appeal, Appellant asserts that the trial court violated his Eighth Amendment right to be free of cruel and unusual punishment.  We affirm.

## I. *Background Facts*

Appellant entered into a "charge bargain" at trial where he pleaded guilty in return for three other charges being dismissed once he was sentenced in this cause. The trial court ordered a presentence investigation report and conducted a disposition hearing.  At the disposition hearing, the trial court heard evidence about the three cases concurrently charged against him, which included forgery, assault family violence, and the burglary of a home where the owner and her small child were present.

Appellant admitted he was on methamphetamine the day law enforcement arrested him for possession with intent to sell methamphetamine, as well as during past incidents with police.  During a routine traffic stop, a law enforcement K-9 unit discovered methamphetamine in Appellant's glove compartment.  Officers also discovered three cell phones and a number of small square baggies in the vehicle. The trial court heard testimony about Appellant's criminal history, including (1) possession of marihuana, (2) a disorderly conduct charge, and (3) a prohibited weapons charge.  Appellant had a past revocation of probation due to a positive urinalysis test for methamphetamine, cocaine, and amphetamines and his failure to report.  Having considered all the evidence, the trial court assessed a sentence of confinement for forty years.

## II. *Standard of Review*

When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm.  *Id.*  When a sentence falls within the statutory range of punishment, it is generally not "excessive, cruel, or unusual."

*State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). The statutory range of punishment for a first-degree felony is confinement for not more than ninety-nine years or less than five years, or life.[2] The trial court may also assess a fine of up to $10,000.[3]

We note that a very narrow exception exists and that an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 287 (1983). The Eighth Amendment prohibits grossly disproportionate sentences for an offense. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

III. *Analysis*

On appeal, Appellant asserts that the trial court violated his right to be free from cruel and unusual punishment, as defined by the Eighth Amendment of the United States Constitution.[4] He argues that the trial court violated evolving standards of decency when it sentenced him to confinement for forty years. Appellant contends that, especially in light of the State's failure to prove he caused physical injury to anyone, the offense, coupled with Appellant's other acts, did not warrant that sentence. In response, the State asserts that Appellant's sentence was not cruel or unusual because of his offending history and because the range of

---

[2]TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

[3]*Id.* § 12.32(b).

[4]U.S. CONST. amend. VIII.

punishment for a first-degree felony is imprisonment for five to ninety-nine years or life.[5]

We note at the outset that Appellant made no objection to his sentence in the trial court, either at the time of disposition or in any posttrial motion. Appellant did not lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness, or excessiveness of the sentence. To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived his complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court.); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly disproportionate sentence in violation of Eighth Amendment was forfeited by failure to object).

But even if we are incorrect on the issue of forfeiture, Appellant's claim of cruel and unusual punishment still fails because his sentence was not cruel or unusual. In this case, the trial court assessed a sentence that was within the statutory range. Nonetheless, if the sentence is grossly disproportionate to the offense or sentences in other similar offenses, the sentence may violate the Eighth Amendment. *See Bradfield*, 42 S.W.3d at 353. To evaluate the proportionality of a sentence, the first step is for us to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for

---

[5]*See* PENAL § 12.32(a).

publication) (citing *Solem*, 463 U.S. at 291–92). We also consider the sentence imposed in light of the offender's prior adjudicated and unadjudicated offenses. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

In this case, Appellant pleaded guilty to possession of a controlled substance, forty-two grams of methamphetamine, with intent to deliver, and he agreed that the drug world was violent and dangerous. The offense is a serious offense. *Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.). During the disposition hearing, the trial court heard testimony regarding Appellant's commission of the offenses of burglary of a habitation, forgery, and assault family violence. The trial court heard testimony about how Appellant had been granted community supervision for felony possession of a controlled substance, violated the conditions of his community supervision, spent time in state jail and was released, committed additional offenses and was arrested again, and reoffended upon subsequent release on bond. The trial court also heard about Appellant's belligerent and violent behavior, which had grown increasingly worse, as well as his drug problems and domestic violence. The trial court also heard arguments from counsel and reviewed the presentence investigation report before it made its decision. We have reviewed the record, and we find nothing in it to indicate that Appellant's sentence was grossly disproportionate to his offense. Based on the evidence presented, the trial court did not abuse its discretion when it sentenced Appellant to confinement for forty years. We hold that Appellant's sentence does not constitute cruel and unusual punishment. *See Luttrell v. State*, No. 11-13-00327-CR, 2015 WL

5602365, at *2 (Tex. App.—Eastland Sept. 17, 2015, no pet.) (mem. op., not designated for publication).  We overrule Appellant's sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


July 27, 2017

Publish.  *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.