**AFFIRMED; Opinion Filed July 24, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00479-CR

### RONALD GLENN HORNSBY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 15-10808-86-F**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant Ronald Glenn Hornsby appeals from his conviction and sentence for indecency with a child by contact. In two issues, appellant asserts that his sentence violated his constitutional rights under the United States and Texas Constitutions because it was grossly disproportionate to the offense and inappropriate to the offender. Finding no merit in appellant's arguments, we affirm the trial court's judgment.

### BACKGROUND

Appellant does not challenge the sufficiency of the evidence to support his conviction. Accordingly, we relate only such evidence as is necessary to understand his appellate issue. The indictment against appellant stated that he "engage[d] in sexual contact with 'Laine,' a pseudonym[,] by touching the genitals of 'Laine,' a child younger than 17 years of age." At trial,

the State called several witnesses including: (1) Laine, the 9-year old complainant; (2) Heather Hibdon, a friend of Laine's mother; and (3) A.B., Laine's sister. Laine testified that appellant had smacked her bottom, stood in the doorway while she used the restroom, "glided his hand to [her] private part," and pushed her legs apart. Laine testified that she asked him to stop but he did not and only stopped when A.B. came to get Laine. Hibdon testified that Laine told her that appellant had touched her bottom, watched her use the restroom, talked about his penis, and had "touched [her] there" while gesturing to her private area. A.B. testified that a person named Ronnie lived next door to them and that Laine spent time with him. A.B. stated that Laine was at appellant's house almost every day after school. A.B. further testified that after approximately two months, Laine stopped going to appellant's house, began behaving differently, became less social and did not like people touching her.

The jury found appellant guilty as alleged in the indictment. At the sentencing portion of the trial, the State offered numerous exhibits of appellant's prior offenses, including: (1) an order for deferred adjudication for burglary of a habitation (2) a certified deferred order for carrying a concealed weapon and possession of paraphernalia; (3) a certified judgment for forgery by check and a sentence of three years' probation; (4) a certified judgment for possession of marijuana for which appellant received six months' probation; and (5) a certified judgment for possession of methamphetamine for which appellant received a sentence of one year of hard labor. The trial court stated during the punishment hearing: "The jury having found you guilty of the offense of indecency with a child by sexual contact, the range of punishment on that is from anywhere from 2 to 20 years in the Institutional Division." The trial court then sentenced appellant to twelve years' imprisonment. The trial court then asked: "Does the defense have anything to say?" and Harbin's counsel replied "Not – no, Your Honor." The trial court then took a break while the parties reviewed the judgment. After going back on the record, the following exchange took place:

[Trial court]: Has the defense had an opportunity to go over the judgment?

[Appellant's counsel]: Yes, Your Honor.

[Trial court]: And did you see any problems with it?

[Appellant's counsel]: I -- I did not. More eyes are always better. So please, you know, feel free to doublecheck, but I did not.

[Trial court]: Mr. Hornsby, did you go over this document with your attorney?

[Appellant]: Yes, sir.

Appellant did not file any post-conviction motions, but he did file a general notice of appeal.

## ANALYSIS

In two issues, appellant contends that the sentence violates his constitutional rights under the United States and Texas Constitutions because it is grossly disproportionate to the offense and inappropriate to the offender. The State argues appellant failed to preserve error. Alternatively, the State argues that the sentence is not excessive or unconstitutionally cruel and/or unusual; nor are they disproportionate to the offense or the offender. We agree with the State.

For error to be preserved on appeal, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.). When appellant's sentence was announced, he did not object to the sentence as violating his constitutional rights. In addition, appellant did not raise this issue in a post-conviction motion. Accordingly, appellant has not preserved this issue for appellate review.

Even if appellant had properly preserved the issue for our review, we conclude that the sentence is not grossly disproportionate. Using nearly identical language, both the United States and Texas Constitutions prohibit cruel and/or unusual punishment and the Texas Court of Criminal Appeals has held that there is no significant difference between the protections afforded in the two

provisions. *See Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997). Accordingly, these two claims will be analyzed together.

Texas courts have traditionally held that as long as the punishment is within the range established by the legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[T]his court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition."); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). Here, the crime of indecency with a child by contact is a second degree felony and is punishable by two to twenty years in prison. *See* TEX. PENAL CODE § 21.11 (a)(1); (d); *Id.* § 12.33(a). Accordingly, as appellant's twelve-year sentence falls within the statutory range for the charge offense, the punishment cannot be considered cruel or unusual. *Jackson,* 989 S.W.2d at 614.

However, a very narrow exception exists that an individual's sentence may constitute cruel and unusual punishment, despite falling in the statutory range, if it is grossly disproportionate to the offense. *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) ("Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal.") To evaluate the proportionality of a sentence, the first step is for the court to make a threshold comparison of the gravity of the offense against the severity of the sentence. *Id*. at 893. When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See*

*State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Only if gross disproportionality is found do we then compare the sentence to sentences received for similar crimes in this and other jurisdictions. *Id.*

In this case, appellant was found guilty of indecency with a child by contact, a serious offense. At the punishment hearing, the State offered evidence of Harbin's prior criminal history including burglary of a habitation, forgery of a check, and possession of drugs. The trial court then reviewed the presentence investigation report, heard testimony from the probation officer, appellant's mother and stepfather, as well as arguments from counsel before it made its decision on punishment. The probation officer testified that (1) appellant told her that "lying became a normal thing for him" to get out of trouble when he was younger; (2) appellant stated he never used illegal drugs despite his prior convictions; and (3) the appellant did not appear remorseful for his actions. The trial court sentenced appellant to twelve years, a mid-range sentence for his offense. Having reviewed the record, we cannot conclude that appellant's mid-range sentence of twelve years qualified as grossly disproportionate to his offense, a second degree felony. We hold that appellant's sentence does not constitute cruel and unusual punishment and we overrule appellant's two issues.

## CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180479F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONALD GLENN HORNSBY, Appellant

No. 05-18-00479-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 15-10808-86-F.
Opinion delivered by Justice Partida-Kipness. Justices Whitehill and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 24th day of July, 2019.