

# NUMBERS 13-19-00155-CR AND 13-19-00156-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

ANTHONY LOUIS WASHINGTON,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 379th District Court
## of Bexar County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Perkes**
**Memorandum Opinion by Justice Perkes**

By one issue, Appellant Anthony Louis Washington challenges the constitutionality of his two concurrent sentences of eight years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.[1] We affirm.[2]

## I. BACKGROUND

On July 15, 2016, Washington pleaded no contest pursuant to a plea agreement to two unrelated cases of burglary of a habitation and robbery, second-degree felonies. *See* TEX. PENAL CODE §§ 30.02(a), (c)(2); 12.33(a). The terms of the plea agreement[3] included an agreed punishment "cap" of eight years' imprisonment, with the mutual understanding that the State would request a term of imprisonment and Washington would request deferred adjudication.

During the plea hearing, Washington stated he was apologetic for his actions: "The woman and the dude that I put in fear for their life, I apologize. If you guys give me a second chance, I can prove myself. That's all." The trial court granted Washington's application for deferred adjudication for a term of ten years and ordered Washington to complete a three-month in-patient cognitive treatment program as a condition of his probation.

One year later, Washington was before the trial court on a motion for revocation, where he pled true to an allegation of a new offense of evading arrest or detention with a

---

[1] We have consolidated Washington's appeals No. 13-19-00155-CR and No. 13-19-00156-CR for purposes of this opinion to promote judicial efficiency as Washington presents identical issues and seeks identical relief. We also note that appellee did not file its brief in No. 13-19-00156-CR, the deadline to file has since elapsed, and the parties were notified that the case was set for submission without oral argument on August 5, 2019. *See* TEX. R. APP. PROC. 38.6(b).

[2] This case is before this Court from the Fourth Court of Appeals in San Antonio pursuant to a docket equalization order by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases).

[3] The State also struck the enhancement language from the indictment, reducing Washington's charge from aggravated robbery, a first-degree felony, to robbery, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.32(a), 12.33(a).

2

vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 12.34(a); 38.04(a), (b)(2)(A). Washington had also recently been arrested for unlawful carrying of a weapon. *See* TEX. PENAL CODE ANN. § 46.02. The court noted that Washington's file additionally reflected other forms of non-compliance with his probationary terms, including failure to report monthly to his probation officer. The State argued for revocation, and Washington urged the court to instead consider a ninety-day jail sanction. The trial court continued Washington's probation and sanctioned Washington to an in-patient treatment facility and admonished Washington to "not come back. . . . Otherwise, you are going to tie my hands."

Washington appeared in court on a second motion for revocation eighteen months later on February 15, 2019, after failing to report to probation for six months. Washington pled true to the violation, and the State abandoned the remaining allegations. During the hearing, Washington asked to remain on probation, and he informed the court he had been "afraid" to report because he had just been arrested for "doing another burglary of a habitation by force that [he] did not commit."

The trial court adjudicated Washington, revoked his community supervision, and assessed punishment at eight years' confinement for both cases to run concurrently. Washington did not object to his sentence at the hearing nor through any subsequent motion. This appeal followed.

## II. EXCESSIVE PUNISHMENT

By his sole issue, Washington contends that his concurrent eight-year sentences for burglary of a habitation and robbery are prohibitively excessive and violate his right to due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

3

*See* U.S. CONST. amends. VIII, XIV.  Washington argues that these constitutional protections "cannot be waived by the Defendant or his counsel."[4]  We disagree.

## A.    Preservation

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."  U.S. CONST. amend. VIII.  The Fourteenth Amendment bestows the right to "due process of law" and "equal protection of the laws."  U.S. CONST. amend. XIV.

The constitutional right to due process and to be free from cruel and unusual punishment, however, can be waived by failure to preserve the claim for review.  *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiving a complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *see also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver of claim under the United States Constitution).  To preserve a complaint of cruel and unusual punishment or due process for appellate review, a defendant must present a timely request, objection, or motion to the trial court asserting the complaint.  *See* TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Having reviewed the record, we find no objection by Washington either at the time of sentencing or in a post-conviction motion.  Because Washington did not raise his

---

[4]  In support of his argument, Washington cites to a law review article from 2000, stating:

> The analysis within the article makes sense from a practical and legal point of view.  Could the Texas legislature assign punishment for a Class C misdemeanor at life, a state jail felony at castration, if the defendant voluntarily waives it as part of an ill-advised plea agreement?

Jeffrey L. Kirchmeier, *Let's Make a Deal:  Waiving the Eighth Amendment by Selecting a Cruel and Unusual Punishment*, 32 CONN. L. REV. 615 (2000).

complaint in the trial court, he has not preserved it for our review.[5] *See* TEX. R. APP. P. 33.1(a)(1)(A); *Clark*, 365 S.W.3d at 339; *Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 497; *see, e.g.*, *Minter v. State*, 570 S.W.3d 941, 943 (Tex. App.—Texarkana 2019, no pet.) (holding appellant forfeited his due process claim by failing to preserve it at trial); *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd) (holding where "Appellant did not lodge an objection, under constitutional or other grounds, to the alleged disparity, cruelty, unusualness, or excessiveness of the sentence," he had "failed to preserve error and has waived his complaint on appeal").

We overrule Washington's sole issue on appeal.

### III.  CONCLUSION

The trial court's judgments are affirmed.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of September, 2019.

---

[5] We additionally note that because the sentences imposed are within the statutory punishment range for a second-degree felony, *see* TEX. PENAL CODE ANN. § 12.33(a), and are not illegal, we conclude that the rights Washington asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (holding that a sentence outside the range of punishment is "illegal" and may be challenged for the first time on appeal or by habeas); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (holding that when a sentence is within the prescribed statutory range set down by the legislature, the trial court has nearly "unfettered" discretion to impose any punishment within that range); *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.) (providing that a punishment term will unlikely be disturbed on appeal as long as the term assessed "fall[s] within the statutory limits").