**Opinion filed October 10, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00288-CR

_____

## DARELL DWAYNE MOSHER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause No. 12133**

## M E M O R A N D U M   O P I N I O N

Appellant, Darell Dwayne Mosher,[1] was charged with the third-degree felony offense of driving while intoxicated with two prior DWI convictions. *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2018). The State also sought to enhance the punishment based on two prior felony convictions. *See id.*

---

[1]We note that in the indictment and judgment, Appellant's first name is spelled "Darell." However, in documents filed by Appellant's attorney and in prior judgments in the record, Appellant's name is spelled "Darrell."

§ 12.42(d) (West 2019). After the State abandoned one of the alleged enhancement paragraphs, Appellant pleaded guilty to the charged DWI offense and pleaded true to the remaining enhancement allegation. The trial court found Appellant guilty of DWI and found the alleged enhancement allegation true, making the offense punishable as a second-degree felony, and assessed punishment at confinement for seventeen years in the Texas Department of Criminal Justice and a fine of $1,000. Appellant argues on appeal that the seventeen-year sentence is cruel and unusual punishment prohibited by the Eighth Amendment of the United States Constitution. We affirm.

*Background Facts*

Appellant was indicted in Nolan County for a DWI offense that occurred on August 27, 2016. The indictment contained jurisdictional enhancements alleging two prior DWI convictions, making this charge a third-degree felony. The State also alleged two prior felony convictions to enhance the punishment range for the offense to that of a first-degree felony.

Appellant pleaded guilty to DWI and true to both jurisdictional enhancements. Appellant also pleaded true to one sentencing enhancement for a prior felony, with the State abandoning the other, making the offense punishable as a second-degree felony.

At the sentencing hearing, the State introduced Appellant's ten prior convictions without objection from Appellant. These judgments included Appellant's four prior DWI convictions from 1986, 1989, 1991, and 1993. The judgments also included Appellant's 1977 conviction for delivery of a controlled substance, 1987 conviction for burglary of a habitation, and 2002 conviction for indecency with a child, as well as other offenses. The State also introduced a certificate of analysis showing that Appellant's blood alcohol concentration at the time of his arrest was 0.155. The State then rested its case.

2

Appellant called his daughter as a character witness. She testified about Appellant, their relationship, and how alcohol has impacted their family. Appellant testified about the circumstances surrounding the offense, his responsibilities as to his elderly parents, and his prior interactions with the criminal justice system.

After considering all the evidence, the trial court assessed punishment at confinement for seventeen years and a $1,000 fine.

*Analysis*

In Appellant's sole issue, he contends that the trial court violated his Eighth Amendment right to be free from cruel and unusual punishment by sentencing Appellant to confinement for seventeen years. Specifically, Appellant argues that his sentence is grossly disproportionate to the offense.

When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's punishment decision absent a showing of abuse of discretion. *Id.*

We first note that disproportionate-sentence claims must be preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding that Eighth Amendment issue was waived because it was not raised in the trial court); *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd). Here, Appellant failed to object to his sentence in the trial court, either at the time of disposition or in any posttrial motion. Appellant did not object, under constitutional or other grounds, to the alleged excessiveness of the sentence. Accordingly, Appellant failed to preserve error and has waived his complaint on appeal.

But even if Appellant had preserved error, Appellant's claim of cruel and unusual punishment still fails because his sentence is not grossly disproportionate. The Eighth Amendment prohibits grossly disproportionate sentences for an offense.

*Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). Generally, a sentence that falls within the statutory range of punishment is not "excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016).

Driving while intoxicated is normally a Class B misdemeanor. PENAL § 49.04(b). But the offense is a third-degree felony if the accused has two prior convictions for any offense relating to the operation of a motor vehicle while intoxicated. *Id.* § 49.09(b)(2). Additionally, if the accused has a prior felony conviction, other than a state jail felony, the third-degree felony will be punished as a second-degree felony. *Id.* § 12.42(a). The statutory range of punishment for a second-degree felony is confinement for not more than twenty years or less than two years. *Id.* § 12.33(a). The trial court may also assess a fine of up to $10,000. *Id.* § 12.33(b).

Here, Appellant was charged with a third-degree felony based on his prior DWI convictions, and the punishment range was enhanced to a second-degree felony because of a prior felony conviction. The trial court assessed punishment at confinement for seventeen years and a $1,000 fine, which is within the statutory range.

Despite falling within the statutory range, an individual's sentence may still constitute cruel and unusual punishment if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 290 (1983). However, this is a very narrow exception. "[O]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90 (second alteration in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

To evaluate the proportionality of a sentence, the first step is to make a threshold comparison between the gravity of the offense and the severity of the

sentence. *Id.* To analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the offender's culpability, and the offender's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. "In the rare case in which this threshold comparison leads to an inference of gross disproportionality," we then compare the defendant's sentence with sentences received for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Id.* (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)).

Appellant argues that he received a seventeen-year sentence for behavior that, without enhancement, was a misdemeanor. Appellant also emphasizes the length of time between the enhancement convictions and the current offense. Specifically, Appellant points out that the two prior DWIs were approximately fifteen and twenty years prior to the current offense and that the felony conviction for delivery of a controlled substance became final approximately thirty-seven years before the current DWI conviction. Appellant also states that his punishment, in part, was based upon his alcoholism.

At the sentencing hearing, the State presented evidence of Appellant's ten prior convictions. This included Appellant's four prior convictions for driving while intoxicated. Appellant also had convictions for delivery of a controlled substance, burglary of a habitation, and indecency with a child. Further, Appellant testified that he had violated his probation for the delivery conviction and that his parole for the burglary conviction was revoked at the time of his second DWI conviction. There was no evidence that Appellant has an ability to be rehabilitated.

On this record, we hold that Appellant has failed to show that his sentence is grossly disproportionate. Therefore, we need not compare Appellant's sentence to others. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


October 10, 2019

Do not publish. *See* Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.