

# NUMBER 13-21-00156-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

WILLIAM THOMAS HARGIS,                                             Appellant,

v.

THE STATE OF TEXAS,                                               Appellee.

On appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant William Thomas Hargis pleaded guilty to two counts of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02. The trial court deferred adjudication of guilt and placed Hargis on community supervision for four years. After the State filed its seventh motion to revoke community supervision and adjudicate guilt, the trial court found the alleged violations to be true, adjudicated Hargis guilty, and

sentenced him to ten years' imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). By a single issue, Hargis challenges the sentence as being disproportionate to the crime under the Eighth Amendment of the United States Constitution. *See* U.S. CONST. amend. VIII. We affirm.

## I.   BACKGROUND

On October 6, 2014, the trial court placed Hargis on four years' deferred adjudication. The terms of Hargis's community supervision required him to, among other things: commit no new offenses against the laws of Texas or the United States; avoid the use of alcohol, narcotics, or any other controlled substance—and submit to blood and urine analysis to ensure compliance; report to his probation officer as directed; and pay various fees.

The State filed its first six motions to revoke community supervision on: (1) May 5, 2015; (2) February 12, 2016; (3) December 12, 2016; (4) May 31, 2017; (5) January 26, 2018; and (6) September 24, 2020. In each instance, the trial court imposed sanctions but did not revoke Hargis's community supervision. The trial court twice modified Hargis's community supervision term to six and then eight years in ruling on the State's January 26, 2018, and September 24, 2020 motions to revoke, respectively.

The State filed its seventh and final motion to revoke Hargis's community supervision on May 4, 2021, alleging new violations. The alleged violations included two new criminal offenses; blood and urine analyses positive for cocaine, THC, opiates, heroin, methamphetamine, and alcohol; failure to submit to blood and urine analysis; failure to report to his probation officer; use of vulgar language toward his probation

2

officer; failure to pay fees; and failure to participate in certain mental health and drug treatment programs. Hargis pleaded "not true" to the two allegations of new criminal offenses and "true" to the remaining allegations. At the hearing on the State's motion to revoke, the State abandoned the two allegations of new criminal acts and recommended that the trial court sentence Hargis to fifteen years' imprisonment. The trial court found all remaining violations to be "true," and sentenced Hargis to ten years' imprisonment in TDCJ. This appeal followed.

## II. DISPROPORTIONATE SENTENCING

By his sole issue, Hargis argues that his sentence is excessive and, therefore, violative of the Eighth Amendment of the United States Constitution.

### A. Standard of Review & Applicable Law

We review a court's sentencing determination for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, if a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered'"); *Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd). The punishment range for a second-degree felony is "imprisonment . . . for any term of not more than 20 years or less than 2 years." TEX. PENAL CODE ANN. § 12.33.

But a narrow exception to the general rule exists; "an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense." *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex.

3

App.—Eastland 2017, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 287 (1983)). An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Outside the capital punishment context, however, a successful challenge to proportionality of a particular sentence is "exceedingly rare." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

To preserve for appellate review a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."). When the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). There is no "hyper-technical or formalistic use of words or phrases" required for an objection to preserve an error. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). However, "the objecting party must still 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly

4

enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id.* (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)).The point of error on appeal must comport with the objection made at trial. *Id.* (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)).

**B.    Analysis**

Hargis acknowledges that he failed to object to his sentence as unconstitutional but contends that he raised his argument with the trial court in a sufficiently adversarial fashion to preserve further possible review. Specifically, at the final revocation hearing, Hargis's trial counsel stated the following in closing: "So we are going to ask either that [Hargis] be terminated unsatisfactory or be reinstated [on community supervision] and be given another chance to complete all his mental health programs." On appeal, Hargis argues that request, immediately followed by the trial court's ruling, sufficiently preserved his argument that his sentence was excessive given "his history of mental illness."

But requesting that the trial court should take Hargis's "history of mental illness" into account when imposing its sentence does not comport with an argument that Hargis's sentence is unconstitutionally disproportionate to the crime committed based, in part, on that purported history. *See Thomas*, 723 S.W.2d at 700. Nor does that request clearly state specific grounds of constitutional error (e.g., the Eighth Amendment of the United State Constitution), thereby informing the trial court of what Hargis wanted, and giving the court an opportunity to address the matter. *See Clark*, 365 S.W.3d at 339. Because Hargis failed to argue at any time prior to this appeal that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights, he failed

5

to preserve his complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); *Smith*, 721 S.W.2d at 855.

We overrule Hargis's sole issue on appeal.

## III.     CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of March, 2022.

6