

# NUMBER 13-21-00388-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA BEAUREGARD,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellant Joshua Beauregard pleaded guilty to driving while intoxicated, his third

or more offense, which is a third-degree felony. *See* TEX. PENAL CODE ANN. § 49.09. The

trial court sentenced him to ten years' imprisonment, but it probated the sentence for ten

years and placed Beauregard on community supervision. Less than a year later, the State

filed a motion to revoke, claiming Beauregard violated terms of his community

supervision. The trial court revoked Beauregard's supervision and imposed his original sentence. By a single issue, Beauregard contends his sentence is cruel and unusual in violation of the Eighth Amendment. We affirm.

## I.  BACKGROUND

On June 11, 2019, the trial court accepted Beauregard's guilty plea and placed him on community supervision. As part of the terms of his community supervision, Beauregard was required to, among other things: (1) avoid using or possessing controlled substances; and (2) participate fully in and complete substance abuse treatment.

On March 12, 2020, the State filed a motion to revoke Beauregard's community supervision, alleging that Beauregard violated the terms of his community supervision by: (1) possessing synthetic marijuana; (2) using synthetic marijuana; and (3) failing to successfully complete substance abuse treatment.

On October 26, 2021, a hearing was held on the State's motion to revoke. At the hearing, Beauregard pleaded true to two of the three allegations. Specifically, Beauregard admitted to using synthetic marijuana and failing to complete substance abuse treatment. The trial court ultimately found true all three allegations and sentenced Beauregard to ten years' imprisonment.

This appeal followed.

## II.  CRUEL & UNUSUAL PUNISHMENT

Beauregard argues that the sentence imposed was disproportionate to the harm caused, in violation of the Eighth Amendment's prohibition against cruel and unusual punishments. *See* U.S. CONST. amend. VIII.

## A.	Standard of Review & Applicable Law

When the issue has been preserved, we review a trial court's sentencing determination for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see also Hargis v. State*, No. 13-21-00156-CR, 2022 WL 710081, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet.) (mem. op., not designated for publication). If the sentence imposed is within the statutory limits, it is generally not "excessive, cruel, or unusual." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd). However, "an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense." *Alvarez*, 525 S.W.3d at 892 (citing *Solem v. Helm*, 463 U.S. 277, 287 (1983)). A third-degree felony is punishable by "any term of not more than 10 years or less than 2 years" imprisonment. TEX. PENAL CODE ANN. § 12.34(a).

"Generally, an appellant may not complain of an error pertaining to his sentence or punishment if he has failed to object or otherwise raise error in the trial court." *Ponce v. State*, 89 S.W.3d 110, 114 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *see* TEX. R. APP. P. 33.1(a); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). There is no "hyper-technical or formalistic use of words or phrases" required to preserve error. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *see also Hargis*, 2022 WL 710081, at *2. However, a party must still "let the trial judge know what he wants, why he thinks he is entitled to it, and do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena*, 285

3

S.W.3d at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)); *see also Hargis*, 2022 WL 710081, at *2.

## B.    Analysis

The record reveals that Beauregard did not object to his sentence either when it was pronounced or in any post-judgment motion. *See Mercado*, 718 S.W.2d at 296. "Preservation of error is not merely a technical matter by which appellate courts seek to overrule points of error in a cursory manner." *Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004). "Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them." *Id.* Because Beauregard failed to object to his sentence prior to this appeal, he has failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a); *Mercado*, 718 S.W.2d at 296.

We overrule this issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
22nd day of December, 2022.