

# NUMBERS 13-22-00541-CR, 13-22-00542-CR, 13-22-00543-CR, 13-22-00544-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARTIN ALBERT OLVERA JR.
AKA MARTIN OLVERA,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

### On appeal from the 105th District Court
### of Kleberg County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

In four appellate cause numbers stemming from four separate trial court causes, appellant, Martin Olvera Jr., appeals from the revocation of his deferred adjudication community supervision. By his sole issue, he argues that his punishments in each case

were disproportionate to the crimes committed and thus violated his Eighth and Fourteenth Amendment rights. *See* U.S. CONST. amends. VIII, XIV. We affirm.

## I.    BACKGROUND

Between October 22, 2020, and June 18, 2021, appellant was indicted for the following offenses: (1) two counts of theft of property with a value of less than $2,500 with two or more prior theft convictions, state jail felonies enhanced to third-degree felonies, *see* TEX. PENAL CODE ANN. §§ 31.03(e)(4) [1]; (2) possession of a controlled substance, a second-degree felony enhanced to a first-degree felony, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.116[2]; (3) possession of body armor by a felon, a third-degree felony, *see* TEX. PENAL CODE ANN. § 46.041[3]; and (4) aggravated assault with a deadly weapon, a second-degree felony enhanced to a first-degree felony.[4] *See id.* § 22.02.[5]

On January 19, 2022, appellant pleaded guilty and was placed on deferred adjudication community supervision for ten years in each case. Based on alleged probation violations, the State filed motions to revoke and adjudicate guilt in each case on March 24, 2022, and then filed amended motions to revoke in each case on April 22, 2022. On October 11, 2022, the trial court held a hearing on the amended motions wherein appellant pled "true" to multiple allegations of violating his community supervision conditions. After hearing evidence and testimony, the trial court found the allegations to

---

[1] Appellate cause number 13-22-00543-CR.

[2] Appellate cause number 13-22-00542-CR.

[3] Appellate cause number 13-22-00544-CR.

[4] Appellate cause number 13-22-00541-CR.

[5] The indictments contained enhancement paragraphs, where indicated above, pursuant to the repeat and habitual felony offender statutes. *See* TEX. PENAL CODE ANN. § 12.42(a), (b); *id.* § 12.425.

be true, revoked appellant's community supervision, adjudicated him guilty, and proceeded to assess appellant's punishment for each case.

For the two counts of theft, each of which carries a maximum sentence of ten years, appellant was sentenced to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.34(a). For the possession of a controlled substance count, which carries a maximum sentence of ninety-nine years, appellant was sentenced to forty years' imprisonment. *See id.* § 12.32(a). For the possession of body armor by a felon count, which carries a maximum sentence of ten years, appellant was sentenced to ten years' imprisonment. *See id.* § 12.34(a). For the aggravated assault with a deadly weapon count, which carries a maximum sentence of ninety-nine years, appellant was sentenced to forty years' imprisonment. *See id.* § 12.32(a). The trial court ordered all sentences to run concurrently. This appeal followed.

## II.    DISCUSSION

By his sole issue, appellant argues that his sentences are disproportionate to the seriousness of the crimes and therefore violative of the Eighth and Fourteenth Amendments to the United States Constitution.

### A.    Standard of Review & Applicable Law

We review a court's sentencing determination for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, if a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially 'unfettered'"); *Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017,

3

pet. ref'd); *see also Nightingale v. State*, No. 13-22-00334-CR, 2023 WL 3243414, at *8 (Tex. App.—Corpus Christi–Edinburg May 4, 2023, no pet. h.) (mem. op., not designated for publication).

But a narrow exception to the general rule exists: "an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense." *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 287 (1983)). An allegation of excessive or disproportionate punishment is a legal claim "embodied in the Constitution's ban on cruel and unusual punishment" and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Outside the capital punishment context, however, a successful challenge to proportionality of a particular sentence is "exceedingly rare." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *see Cisneros v. State*, 622 S.W.3d 511, 522 (Tex. App.—Corpus Christi–Edinburg 2021, no pet.).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which the threshold comparison leads to an inference of gross disproportionality, the court should then

4

compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.* (citing *Graham*, 560 U.S. at 60).

## B. Analysis

For an issue to be preserved on appeal, there must be a timely objection that specifically states the legal basis for the objection. *See* TEX. R. APP. P. 33.1(a); *see also Layton v. State*, 280 S.W.3d 235, 238–39 (Tex. Crim. App. 2009). When an imposed sentence is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *see also Caballero v. State*, No. 13-19-00142-CR, 2019 WL 3820436, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, no pet.) (mem. op., not designated for publication). While there is no "hyper-technical or formalistic use of phrases" required to preserve an issue on appeal, the objecting party is still required to "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in a proper position to do something about it." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (quoting *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)); *see also Hagris v. State*, No. 13-21-00156-CR, 2022 WL 710081,

at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 10, 2022, no pet.) (mem. op., not designated for publication).

The punishment range for a first-degree felony is "imprisonment . . . for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32(a). The punishment range for a third-degree felony is "imprisonment . . . for any term of not more than 10 years or less than 2 years." *Id.* § 12.34(a). Here, the sentences are within the legal range, and there is nothing in the record showing appellant objected to the sentences imposed by the trial court on any grounds, nor that he challenged the sentence through a post-trial motion. Thus, appellant has failed to preserve any error and has forfeited his complaint on appeal. *See* TEX. R. APP. P. 33.1(a); *Rhoades*, 934 S.W.2d at 120; *Noland*, 264 S.W.3d at 151; *Trevino*, 174 S.W.3d at 927–28. We overrule appellant's sole issue. *See* TEX. R. APP. P. 33.1(a); *Ex parte Chavez*, 213 S.W.3d at 323–24.

### III.    CONCLUSION

We affirm the trial court's judgments.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of June, 2023.