

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00050-CR

---

BYRON LEWIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 4
Tarrant County, Texas[1]
Trial Court No. 1794200, Honorable Andy Porter, Presiding

---

March 20, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Byron Lewis, appeals from his two convictions for aggravated assault with a deadly weapon, both second-degree felonies.[2] Via a single issue, Appellant contends his concurrent eight-year sentences are grossly disproportionate to the offenses

---

[1] This matter was transferred from the Second Court of Appeals in Fort Worth pursuant to a docket equalization order of the Supreme Court of Texas. We apply the Second Court's precedent to the extent it conflicts with our own. See TEX. R. APP. P. 41.3.

[2] See TEX. PENAL CODE § 22.02(a)(2).

and violate the Eighth Amendment's prohibition against cruel and unusual punishment. We affirm.

## BACKGROUND

A grand jury indicted Appellant for two counts of aggravated assault with a deadly weapon arising from the same incident in which he threatened two individuals at gunpoint. The indictment also alleged a 2007 felony conviction for possession of a controlled substance. Appellant entered an open plea on both offenses, with the trial court to assess punishment. After a brief hearing that included testimony and a presentence investigation report, the trial court sentenced Appellant to eight years of confinement on each charge, to run concurrently.

Appellant filed a motion for new trial alleging that his sentence was grossly disproportionate to the facts of the case and reflected no consideration of mitigating evidence, in violation of federal and state constitutional prohibitions against cruel and unusual punishment. No order on the motion appears in the record.

## CRUEL AND UNUSUAL PUNISHMENT

A.   Standard of Review and Applicable Law

We review a sentencing determination for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence assessed within the legislatively determined range will not be found unconstitutional. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range [is] essentially

'unfettered'"); *Foster v. State*, 525 S.W.3d 898, 912 (Tex. App.—Dallas 2017, pet. ref'd). The punishment range for a second-degree felony is imprisonment for any term of not more than twenty years or less than two years. TEX. PENAL CODE § 12.32.

A narrow exception exists: a sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 287 (1983)). An allegation of excessive or disproportionate punishment is a legal claim embodied in the Constitution's ban on cruel and unusual punishment. It is based on a narrow principle that does not require strict proportionality between the crime and the sentence. *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (cleaned up); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). Outside the capital punishment context, however, a successful proportionality challenge is "exceedingly rare." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)).

To determine whether a sentence is grossly disproportionate, a court must judge its severity in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *Id.* at 323. In the rare case where this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with sentences received by other offenders in the same jurisdiction and with sentences imposed for the same crime in other jurisdictions. *Id.* If this comparative analysis

validates the initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.*

To preserve a complaint that a sentence is grossly disproportionate or constitutes cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."). When the sentence imposed is within the punishment range and not illegal, the failure to specifically object in open court or in a post-trial motion waives any error on appeal. *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). An appellant may preserve an issue through a motion for new trial. But filing the motion is not enough; he must bring it to the trial court's attention. *Carranza v. State*, 960 S.W.2d 76, 79–80 (Tex. Crim. App. 1998).

## B. Analysis

Although Appellant raised the disproportionate-sentence claim in a motion for new trial, nothing in the record indicates he presented the motion to the trial court in a manner sufficient to bring the issue to its attention. Nor did Appellant object when the sentence was pronounced. Accordingly, he failed to preserve this issue for appellate review. *See* TEX. R. APP. P. 33.1; *Carranza*, 960 S.W.2d at 79–80.

Even if preserved, the record does not support Appellant's claim. The presentence investigation report indicated that Appellant drew a firearm on two store employees at a location he had previously been told not to return to. A search of his vehicle recovered

several narcotics.  Appellant had six prior misdemeanor convictions, including an assault, and two prior felony convictions for drug possession.  The trial court also revoked his bond for alleged cocaine use.  Given these aggravating factors, we could not conclude that his eight-year sentences are grossly disproportionate.

## CONCLUSION

We affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.