

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00240-CR

**JAMES BECK,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D35456-CR

## MEMORANDUM OPINION

Appellant James Earl Beck entered a plea of guilty to the offense of Driving While Intoxicated Third or More, and a jury assessed a sentence of ninety-nine years' incarceration. Beck presents two issues. We will affirm.

*Unqualified Counsel*

In his first issue, Beck asserts that the trial court committed structural error by appointing an attorney to represent him who did not meet the qualifications set out in

the Navarro County Indigent Defense Plan. Beck contends that his attorney was not qualified because he had not tried at least three felony jury trials.

If an error is labeled structural, it is subject to review without requiring a defendant to show harm. *Mercier v. State*, 322 S.W.3d 258, 262 (Tex. Crim. App. 2010). An error is "structural" only if it deals with a violation of the federal constitution and has been labeled as such by the United States Supreme Court. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017). One such structural error is the total deprivation of the right to counsel at a critical stage in the prosecution. *Bell v. Cone*, 535 U.S. 685, 695-96, 122 S.Ct. 1843, 1851, 152 L.Ed.2d 914 (2002); *see also Williams v. State*, 252 S.W.3d 353, 357 (Tex. Crim. App. 2008) ("When the right to trial counsel has been violated, prejudice is presumed because the trial has been rendered inherently unfair and unreliable."). Another structural error related to the right to counsel occurs when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Bell*, 535 U.S. at 696, 122 S.Ct. at 1851. The third situation occurs when counsel is "called upon to render assistance under circumstances where competent counsel very likely could not." *Id*. In order to be immune from a harm analysis, the violation of the right to counsel must "pervade the entire proceeding." *Lake*, 532 S.W.3d at 414 (quoting *Satterwhite v. Texas*, 486 U.S. 249, 257, 108 S.Ct. 1792, 100 L.Ed.2d 284 (1988)). Beck's allegation that his trial counsel was not qualified under the Indigent Defense Plan is not one of those errors that the Supreme Court has deemed structural. As such, Beck is entitled to relief only if he establishes that counsel was ineffective and that he suffered prejudice. Beck specifically notes that he makes no claim of ineffective assistance of counsel.

Additionally, Beck's argument that his counsel was not qualified under the Indigent Defense Plan is not supported by the record. Beck was convicted of DWI after a second or more prior DWI conviction, a third-degree felony. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b). Only first and second degree felony cases require counsel who has tried three felony cases before a jury. Navarro County Indigent Defense Plan, Minimum Attorney Qualifications, §§ III(A)(ii) and (iii). Beck points to no other lack of qualification on counsel's part.[1] Beck's first issue is overruled.

### Disproportionate Sentence

Beck next argues that the ninety-nine-year sentence he received was disproportionate to the crime of DWI considering he is seventy-one years old and an alcoholic. Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). A narrow exception to this rule is recognized where a sentence is grossly disproportionate to the offense. *See Moore v. State*, 54 S.W.3d 529, 542 (Tex.App.—Fort Worth 2001, pet. ref'd); *see also Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92, 103 S.Ct. 3001, 3010–11, 77 L.Ed.2d 637 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.1992). However, "[o]utside the context of capital punishment,

---

[1] The State indicates that Beck's counsel failed to meet one qualification—that he have one year of criminal law experience. However, the Indigent Defense Plan provides a judge the discretion to set-side such qualifications when otherwise satisfied that an attorney is competent. Such a circumstance still does not constitute a "structural" error.

*successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet. ref'd) (quoting *Solem*, 463 U.S. at 289-90, 103 S.Ct. 3001). Additionally, punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual. *See Ex parte Chapman*, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

In conducting a proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Moore*, 54 S.W.3d at 542; *see Solem*, 463 U.S. at 290–91, 103 S.Ct. at 3010; *McGruder*, 954 F.2d at 316. "When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender." *Renfroe*, 529 S.W.3d at 234. If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions. *Alvarez*, 63 S.W.3d at 581; *see Solem*, 463 U.S. at 291–92, 103 S.Ct. at 3010; *McGruder*, 954 F.2d at 316.

While Beck was charged with DWI Third or More, the indictment also included four felony-enhancement paragraphs for four additional DWI's, all of which the jury found to be true. As a result, the punishment range for this offense was twenty-five to ninety-nine years. TEX. PENAL CODE ANN. § 12.42(d). Beck's sentence falls within the statutory punishment range.

The evidence showed that Beck was convicted of seven prior DWI's over the course of approximately forty years. When Beck was incarcerated for his sixth DWI, he

was denied parole after the parole board found that he was a danger to society. Beck's blood alcohol level for the present DWI was .225, and he told the police when he was stopped that he had not been drinking. Further, Beck testified that he would continue to drink despite the number of times he has been convicted of DWI. The jury could reasonably have determined that Beck would be a danger to himself and others if allowed unrestrained access to alcohol and a vehicle. We cannot say that the punishment was grossly disproportionate to the offense. In light of this, we need not compare Beck's sentence to other sentences in this or other jurisdictions. We overrule Beck's second issue.

Having overruled both of Beck's issues, we affirm the judgment of the trial court.



REX D. DAVIS
Justice

Before Chief Justice Gray,*
    Justice Davis, and
    Justice Scoggins
    *(Chief Justice Gray concurs in the Court's judgment to the extent it affirms the trial court's judgment and sentence. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed July 25, 2018
Do not publish
[CRPM]

