

# NUMBER 13-20-00223-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSEPH MALDONADO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## On appeal from the 36th District Court
## of San Patricio County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Benavides

Appellant Joseph Maldonado pleaded guilty to possession of child pornography, a third-degree felony, and was placed on deferred adjudication community supervision for a period of eight years. *See* TEX. PENAL CODE ANN. § 43.26. The trial court subsequently granted the State's motion to adjudicate Maldonado guilty and sentenced him to ten years' imprisonment. By two issues, Maldonado contends that (1) his sentence was

grossly disproportionate to his conduct, and (2) his trial counsel was ineffective for failing to object to his sentence. We affirm.

## I.     BACKGROUND[1]

In March 2018, the Sinton Police Department received an anonymous tip that Maldonado was harboring a runaway child named Allison.[2] Officers subsequently located Maldonado and Allison together in his vehicle. According to police, Maldonado was evasive about Allison's identity, claiming at first not to know her name, and then saying her name was "Julie." Police confirmed Allison's identity and arrested Maldonado for harboring a runaway. According to police, Maldonado "had been told several times in the past by investigators" that Allison had been reported as a missing child.

The police obtained a search warrant for Maldonado's cell phone and found seven images of Allison performing oral sex on an unknown male and seven images of Allison laying on a bed wearing a bra. The photographs were taken in March 2018, approximately ten months before Allison's eighteenth birthday. Allison denied any sexual contact with Maldonado but acknowledged that explicit photographs of her did exist and could have been sent to Maldonado.

Pursuant to a plea-bargain agreement with the State, Maldonado pleaded guilty to possession of child pornography and was placed on deferred adjudication community supervision for a period of eight years. Within two months, the State filed a motion to

---

[1] The background is taken from police reports attached to Maldonado's Confession and Stipulation to the Evidence.

[2] "Allison" is an alias used by the Court to protect the complainant's identity. *See* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

adjudicate Maldonado's guilt based on allegations that Maldonado physically assaulted Allison, failed to report his subsequent arrest, and failed to register as a sex offender. Maldonado pleaded "true" to the second and third allegations, and the trial court continued him on probation with additional conditions and sanctioned him to an intermediate sanction facility to complete the cognitive intervention program.

Approximately a year later, the State moved to adjudicate Maldonado's guilt for a second time, alleging numerous violations, such as committing the new offense of evading arrest, testing positive for controlled substances, failing to report, and failing to enroll in the sex offender group therapy program. Maldonado pleaded "true" to some of the allegations and denied the others. The trial court found all the allegations to be true, adjudicated Maldonado guilty, and sentenced him to ten years' imprisonment. This appeal ensued.

## II. SENTENCE

By his first issue, Maldonado contends that his sentence was grossly disproportionate to his conduct, thereby constituting cruel and unusual punishment. *See Solem v. Helm*, 463 U.S. 277, 284 (1983). The United States and Texas Constitutions prohibit cruel and unusual punishment. U.S. CONST. amend. VIII, TEX. CONST. art. I, § 13; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.09. However, this right, like almost every constitutional or statutory right, can be waived by a failure to object. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (citing *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990)); *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet. ref'd); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–

Edinburg 2005, pet. ref'd); *see* TEX. R. APP. P. 33.1. As Maldonado concedes in his second issue, his trial counsel failed to object to his sentence on any basis, either at the time of sentencing or in a post-trial motion. Therefore, a direct attack on the constitutionality of his sentence has not been preserved for our review. *See Rhoades*, 934 S.W.2d at 120; *Renfroe*, 529 S.W.3d at 233; *Trevino*, 174 S.W.3d at 927–28. We overrule Maldonado's first issue.

### III.   ASSISTANCE OF COUNSEL

By his second issue, Maldonado complains that his trial counsel was ineffective in failing to object to the constitutionality of his sentence. The Sixth Amendment's "right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1972)). A defendant claiming ineffective assistance of counsel must show that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, with the strong presumption being that counsel's performance was reasonably effective; and (2) but for counsel's errors, there is a reasonable probability the outcome of defendant's trial would have been different. *Strickland*, 466 U.S. at 687–94. When the claim is based on a failure to object, the defendant must show that had his trial counsel objected, the trial court would have erred in overruling the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). Maldonado has not demonstrated that the trial court would have erred in overruling an objection to the proportionality of his sentence.

4

"Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21 (2003); *State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016). The United States Supreme Court has only twice held that a non-capital sentence imposed on an adult was constitutionally disproportionate. *See Solem v. Helm*, 463 U.S 277, 303 (1983) (concluding that life imprisonment without parole was a grossly disproportionate sentence for the crime of "uttering a no-account check" for $100); *Weems v. United States*, 217 U.S. 349, 383 (1910) (concluding that punishment of fifteen years in a prison camp was grossly disproportionate to the crime of falsifying a public record). Generally, as long as a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (noting that "the sentencer's discretion to impose any punishment within the prescribed range is essentially unfettered").

Here, the trial court imposed the maximum ten-year sentence for a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.34(a) (establishing the sentencing range for a third-degree felony at "not more than 10 years or less than 2 years"). Maldonado contends that because the child in this case was seventeen-years old, as opposed to a young child, his conduct did not warrant the maximum punishment allowed: "Surely, Mr. Maldonado cannot be compared to someone who possessed pre-pubescent pornography[,] and a ten year [sic] sentence was much too harsh." We find Maldonado's attempt to minimize his conduct unavailing.

The United States Supreme Court has explained that "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). "[T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *New York v. Ferber*, 458 U.S. 747, 759 (1982). Other courts have noted that "[t]he existence of and traffic in child pornography creates the potential for many types of harm in the community" and "presents a clear and present danger to all children." *United States v. White*, 506 F.3d 635, 649 (8th Cir. 2007) (Riley, J., concurring in part, dissenting in part) (quoting Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 21, 110 Stat. 3009, 3009-26 (1996)). And the Texas Court of Criminal Appeals has found that the "integral part of the offense of possession of child pornography" is the harm to each individual child. *Vineyard v. State*, 958 S.W.2d 834, 840 (Tex. Crim. App. 1998) (quoting *Ex parte Crosby*, 703 S.W.2d 683, 685 (Tex. Crim. App. 1986) (orig. proceeding), *overruled on other grounds by Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999) (orig. proceeding)).

Although she had recently turned seventeen at the time the photos were taken, Allison was considered a child for purposes of the child pornography statute. *See* TEX. PENAL CODE ANN. § 43.26 (defining a child as a person "younger than 18 years of age at the time the image . . . was made"). We decline Maldonado's implicit invitation to discount the harm Allison suffered simply because she was seventeen instead of seven. *See Vineyard*, 958 S.W.2d at 840. Texas law makes no such distinction, and neither will we. *See* TEX. PENAL CODE ANN. § 43.26. Because Maldonado's sentence was assessed within

6

the legislatively determined range and not grossly disproportionate to his conduct, Maldonado's complaint about ineffective assistance of counsel also fails. *See Ex parte Chavez*, 213 S.W.3d at 323–24; *Vaughn*, 931 S.W.2d at 566. We overrule Maldonado's second issue.

## IV. CONCLUSION

The trial court's judgment is affirmed.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of May, 2021.