**Opinion filed November 30, 2023**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-22-00231-CR, 11-22-00232-CR & 11-22-00233-CR

_____

## NINA MARIE WOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Nolan County, Texas**
**Trial Court Cause Nos. 13640, 14020 & 14021**

## M E M O R A N D U M   O P I N I O N

Appellant, Nina Marie Wood, was indicted in separate causes for (1) the third-degree felony offense of possession of a controlled substance in an amount of one gram or more but less than four grams (trial court cause no. 13640), (2) the second-degree felony offense of possession of a controlled substance in an amount of one gram or more but less than four grams with intent to deliver (trial court cause

no. 14020), and (3) the state jail felony offense of abandoning or endangering a child (trial court cause no. 14021). TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (c), .115(a), (c) (West Supp. 2023); TEX. PENAL CODE ANN. § 22.041 (West Supp. 2023). Appellant entered an open plea of guilty to each charged offense, waived her right to a jury trial, and requested that the trial court assess her punishment in each cause. The trial court ordered that a pre-sentence investigation report be prepared before the punishment hearing.

After the punishment hearing, the trial court assessed Appellant's punishment at seven years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $500 fine in trial court cause no. 13640, fourteen years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $500 fine in trial court cause no. 14020, and two years' confinement in the State Jail Division of the Texas Department of Criminal Justice, and a $500 fine in trial court cause no. 14021, and sentenced her accordingly. Appellant presents a single issue on appeal: that the sentences of imprisonment imposed by the trial court are manifestly unjust because the punishment evidence suggests that Appellant should have been granted community supervision. We affirm.

## I. *Factual Background*

Because of the limited scope of Appellant's complaint on appeal, we only recite the facts that are pertinent to the issue that we must address.

On February 18, 2020, Elias Guerra, Jr. and Brandon Buchanan, narcotics agents with the Taylor County Sheriff's Department, initiated a traffic stop because they observed Appellant fail to signal her intention to turn at an intersection. Agent Buchanan's K-9 alerted to Appellant's vehicle and a subsequent search of Appellant's person revealed that Appellant possessed drug paraphernalia and a black

and white baggie containing additional drugs and other drug paraphernalia. Field and forensic testing confirmed that the drugs seized from Appellant's person consisted of methamphetamine and marihuana. Appellant's vehicle was also searched and a purse that contained several syringes was found.

Appellant's minor daughter, C.P., was a passenger in Appellant's vehicle. According to Agent Guerra, based on the vehicle's appearance and contents, Appellant and C.P. were living in the vehicle.

On February 15, 2021, Officer Ethan Davenport of the Sweetwater Police Department responded to a disturbance call at Golden Chick restaurant. Upon his arrival, Officer Davenport observed Appellant leaving Golden Chick restaurant; he was familiar with Appellant and was aware that Appellant had an open warrant. Officer Davenport followed Appellant, who was driving her vehicle, to a Murphy's gas station and initiated a traffic stop. After some discussion, Officer Davenport arrested Appellant, searched Appellant's person, and found drug paraphernalia and two baggies of a substance that appeared to be methamphetamine. Forensic testing later confirmed that the seized substance was methamphetamine; it had a measured weight of 1.62 grams.

Teresa Wood, Appellant's mother, testified that Appellant was indicted for a felony drug offense in 2005; however, Appellant successfully completed a ten-year probated sentence that was imposed for that offense. As a condition of that probated sentence, Appellant was also transferred to and treated at SAFP. After the completion of Appellant's probated sentence, Teresa believed that Appellant had been "sober" and drug-free until she injured her back and battled post-surgical complications that arose from the back injury and the resulting surgery. Teresa testified that Appellant attempted drug rehabilitation once before but only remained

in the program for ten days. Teresa believed Appellant would benefit from rehabilitation rather than being sentenced to imprisonment.

C.P. testified that she had a good relationship with Appellant; however, their relationship changed after Appellant relapsed and began using methamphetamine. Although C.P. never saw Appellant using drugs, she was aware when Appellant was using drugs because of changes in Appellant's behavior. C.P. was approximately nine years old when she first noticed Appellant's behavioral "changes." C.P. has not lived with Appellant since 2017. C.P. testified that she would prefer to live with other relatives until Appellant stops using drugs and becomes financially stable. Like Teresa, C.P. expressed her desire for Appellant to be granted community supervision and the opportunity for rehabilitation, rather than receiving a prison sentence.

## II. *Analysis*

At the outset, we note that Appellant concedes that the sentences imposed by the trial court do not constitute cruel and unusual punishment in violation of the United States and Texas constitutions. Rather, Appellant contends that the punishment evidence suggests only one "rational outcome"—the trial court should have imposed probated sentences, rather than terms of imprisonment, so that Appellant could pursue and receive rehabilitative treatment for her drug addiction. Appellant claims that, therefore, the trial court erred when it sentenced Appellant to imprisonment.

When we review a trial court's sentencing determination, we note that trial courts are afforded "a great deal of discretion" in sentencing decisions. *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet. ref'd) (quoting *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Therefore, we will

not disturb a trial court's punishment decision absent a showing of an abuse of discretion and harm. *Id.* (citing *Jackson*, 680 S.W.2d at 814).

Here, we cannot say that the trial court abused its discretion when it determined that Appellant should be sentenced to separate terms of imprisonment for each conviction. Except for certain limitations, which do not apply here, a trial court has broad discretion to grant community supervision to a defendant who has been convicted of a felony offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.053(a) (West 2018) (the trial court must determine that the grant of community supervision is in the best interest of justice, the public, and the defendant). In fact, the trial court may grant community supervision to a convicted felon when the jury could not have otherwise recommended it. *See id.*; CRIM. PROC. 42A.055(b). This is so because the existence of a prior final felony conviction prohibits a jury from recommending community supervision for a defendant who is convicted at trial of a subsequent felony offense, but this circumstance would not preclude judge-ordered community supervision. *Id.* arts. 42A.053(a), 42A.055(b); *see also Ivey v. State*, 277 S.W.3d 43, 45–46 (Tex. Crim. App. 2009).

In this instance, Appellant was likely ineligible for jury-recommended community supervision because it appears that she had previously been convicted of a felony offense in 2005. Despite this, although the trial court could have, in its discretion, granted Appellant community supervision for the instant offenses, it did not abuse its discretion simply because it decided not to. The offenses for which Appellant pleaded guilty and was convicted—two drug-related offenses and one offense for child endangerment—occurred within a twelve-month period. For Appellant's 2005 drug case, Appellant was confined at SAFP for drug treatment and rehabilitation which, according to Teresa, Appellant successfully completed.

However, Appellant's subsequent attempts at drug rehabilitation failed. Further, Appellant has a history of substance abuse and subjected C.P. to an unstable environment—C.P. lived in Appellant's vehicle with Appellant where drugs were present, and C.P. was aware that Appellant used drugs when C.P. was with her.

Based on the evidence before it and Appellant's history and conduct, the trial court could have rationally concluded, as it did, that imprisonment, rather than community supervision, was the appropriate punishment for Appellant. As such, we conclude that the sentences assessed by the trial court are not manifestly unjust, as Appellant contends. Accordingly, because the trial court did not abuse its discretion, we overrule Appellant's sole issue.

## III. *This Court's Ruling*

We affirm the judgments of the trial court.


W. STACY TROTTER

JUSTICE


November 30, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6