**Opinion filed December 14, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00128-CR

_____

## DEONTA STARLING, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-19-1719-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Deonta Starling, was indicted for the first-degree felony offense of Aggravated Sexual Assault of a Child. *See* TEXAS PENAL CODE ANN. § 22.021 (West 2019). Appellant pleaded guilty to the offense; the trial court deferred a finding of guilt and placed him on community supervision for a period of ten years. The State subsequently filed a motion to adjudicate Appellant's guilt, alleging multiple

violations of his community supervision. At the hearing on the State's motion, Appellant testified and admitted on both direct and cross-examination that he had committed three of the violations that the State had alleged. The trial court found those three allegations to be "true," adjudicated Appellant guilty of the underlying offense—Aggravated Sexual Assault of a Child, revoked his community supervision, and assessed his punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). Appellant complains that the life sentence violated the Eighth Amendment in that it was grossly disproportionate to the crime for which he pleaded guilty and the violations of the terms and conditions of his community supervision. We affirm.

*Factual Background*

The offense of Aggravated Sexual Assault of a Child, to which Appellant pleaded guilty, was alleged to have been committed against a twelve-year-old female. Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for a period of ten years for the offense. However, Appellant did not comply with certain terms and conditions of his community supervision for even one of those ten years; the State filed its motion to adjudicate within the first year based on acts he was alleged to have committed after being placed on community supervision.

At the hearing on the State's motion, the State called Edward Guerrero, a probation officer with the Ector County Adult Probation Office who supervises offenders placed on community supervision for sexual offenses. Guerrero was assigned to supervise Appellant during his community supervision. Guerrero testified that he went over all of the terms and conditions of Appellant's community supervision with him. Further, Appellant signed the adjudication order acknowledging that he understood each term and condition of his community

2

supervision. Guerrero testified that Appellant "understood exactly what he was supposed to do on probation." Guerrero testified that, while on community supervision, Appellant resided at the home of his mother, which was located within 1,000 feet of a school in violation of his community supervision. Appellant's mother, Lasandra Starling, testified that, "[w]hen he first got out, they told us that he couldn't stay there [at her home.]" But after being unable to maintain housing in Odessa, Appellant made the choice to move back to Midland, to reside with his mother, knowing that it was within 1,000 feet of a school zone.

Appellant also testified at the hearing. Appellant admitted to the offense—that he committed aggravated sexual assault of a child against his twelve-year-old family member. Appellant further confirmed that he had committed and been convicted of an offense while on community supervision. Appellant testified that he was convicted of Failure to Comply with Sex Offender Registration requirements and sentenced to two years in the Institutional Division of TDCJ for that offense, and he served five months of the sentence before being placed on parole. Appellant also admitted on both direct and cross-examination that he had committed three of the violations of the terms and conditions of community supervision that the State had alleged in its motion.

*Analysis*

In his sole issue, Appellant complains that the life sentence violated the Eighth Amendment in that it was grossly disproportionate to the crime for which he pleaded guilty and violations of the terms and conditions of his community supervision.

A. *Complaint Regarding the Alleged Violation of the Eighth Amendment was not Preserved*

The State responds that we should overrule Appellant's sole issue on appeal, because the disproportionate-sentence claim was not preserved for appellate review.

*See* TEX. R. APP. P. 33.1(a)(1); *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014). In this regard, Appellant did not object or otherwise bring to the trial court's attention that the sentence was disproportionate as he now asserts. Appellant also did not file a motion for new trial to preserve his claim of error.

Constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Rodriguez v. State*, 71 S.W.3d 778, 779 (Tex. App.—Texarkana 2002, no pet.); *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet ref'd). Appellant never objected in the trial court on Eighth Amendment grounds. He also did not object in the trial court on constitutional or other grounds to the alleged disparity, cruelty, unusualness, or excessiveness of the sentence. In the absence of a timely objection or request, a defendant's complaint is not preserved for appellate review. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). Because Appellant did not timely object or raise the issue in the trial court, Appellant has failed to preserve his complaint for our review. *See id.*; *see also Rhoades*, 934 S.W.2d at 119 (failure to raise Eighth Amendment issue in trial court or in motion for new trial fails to preserve error for appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence in violation of the Eighth Amendment was forfeited by failure to object).

B. *The Sentence is not Grossly Disproportionate to the Offense or the Conduct*

Even if Appellant had preserved his Eighth Amendment claim, we conclude that his sentence is not grossly disproportionate to the offense. When we review a

trial court's sentencing determination, we note that trial courts are afforded "a great deal of discretion" in sentencing decisions. *Renfroe*, 529 S.W.3d at 233 (quoting *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Therefore, we will not disturb a trial court's decision as to punishment absent a showing of an abuse of discretion and harm. *Id.* (citing *Jackson*, 680 S.W.2d at 814).

To run afoul of the Eighth Amendment, a sentence must be grossly disproportionate to the crime. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion)). A punishment for a term of years will be grossly disproportionate "only in the exceedingly rare or extreme case." *Id.* at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). Punishment is generally not considered to be violative of the Eighth Amendment if the imposed sentence falls within the statutory range of punishment for the offense for which the defendant was convicted. *Simpson*, 488 S.W.3d at 323; *Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.). However, a narrow exception to this rule exists: when the sentence imposed is grossly disproportionate to the defendant's convicted offense, it may violate the Eighth Amendment, even if it is within the offense's statutory range of punishment. *Renfroe*, 529 S.W.3d at 233 (citing *Solem v. Helm*, 463 U.S. 277, 290–92 (1983)); *Sneed*, 406 S.W.3d at 643. Nevertheless, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will] be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

To evaluate the proportionality of a sentence, the first step is to make a threshold comparison between the gravity of the offense for which the defendant was convicted, and the severity of the sentence imposed. *Simpson*, 488 S.W.3d at 322; *Renfroe*, 529 S.W.3d at 234; *Alvarez v. State*, 525 S.W.3d 890, 893 (Tex.

App.—Eastland 2017, pet. ref'd); *see Harmelin v. Michigan,* 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring). When we analyze the gravity of the convicted offense, we review the harm caused or threatened to the victim, the culpability of the offender, and the offender's criminal history. *Simpson,* 488 S.W.3d at 323; *Renfroe,* 529 S.W.3d at 234. However, if we do not find a gross disproportionality, our analysis ends there. *See Harmelin,* 501 U.S. at 1005; *Renfroe,* 529 S.W.3d at 234 (citing *Bradfield v. State*, 42 S.W.3d 350, 353–54 (Tex. App.—Eastland 2001, pet. ref'd)). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

The punishment range for a first-degree felony offense is either imprisonment for life or for any term of not more than ninety-nine years or less than five years. PENAL § 12.32(a). In addition to the term of imprisonment imposed, a fine not to exceed $10,000 may be assessed against the convicted defendant. *Id.* § 12.32(b). In this case, the trial court assessed Appellant's punishment at life imprisonment and a fine of $500.

The legislature is vested with the authority to define criminal offenses and to prescribe the applicable fines and punishment for each offense. *See State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973). Here, Appellant's sentence falls within the punishment range prescribed by the legislature for the offense for which he was convicted, i.e., aggravated sexual assault of a child. However, we cannot ignore the circumstances and gravity of this offense and the substantial harm and trauma likely endured by a twelve-year-old child resulting from Appellant's conduct. Appellant admitted to sexually abusing the child, the effect of which conduct and the harm being foreseeably egregious.

Therefore, given the abuse of a child, Appellant's culpability for this offense, the failure-to-register offense, and Appellant's subsequent inability to adhere to the terms and conditions of community supervision even a single year, we cannot say that the trial court either abused its discretion or violated Appellant's Eighth Amendment rights when it assessed Appellant's punishment at life imprisonment. Contrary to Appellant's assertion, the imposition of a maximum sentence, which is authorized by statute, does not necessarily implicate or result in an Eighth Amendment violation. *See Guillory v. State*, 652 S.W.3d 923, 930–31 (Tex. App.—Eastland 2022, pet. filed) (the maximum sentence imposed by the trial court of twenty years' imprisonment upon revocation of the defendant's deferred adjudication community supervision for aggravated assault was not excessive or violative of the Eighth Amendment); *Hernandez v. State*, No. 11-17-00102-CR, 2019 WL 1496160, at *5–6 (Tex. App.—Eastland Apr. 4, 2019, pet. ref'd) (mem. op., not designated for publication) (a seventy-five-year sentence for the offense of continuous sexual abuse of a child was not excessive); *Amparan v. State*, No. 11-21-00162-CR, 2022 WL 17684377, at *3 (Tex. App.—Eastland Dec. 15, 2022, no pet.) (mem. op., not designated for publication) (life imprisonment for sexual assault of a child is not excessive under the Eighth Amendment). While Appellant provided none—because Appellant's sentence is not grossly disproportionate to the offense of aggravated assault—we need not compare sentences received for similar crimes in Ector County or in other jurisdictions to his sentence. *See Bradfield*, 42 S.W.3d at 353–54; *Guillory,* 652 S.W.3d at 931. Accordingly, we overrule Appellant's sole issue on appeal.

7

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


December 14, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.