**Opinion filed December 15, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00162-CR

_____

## RICHARD ANTHONY AMPARAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 21761B**

### M E M O R A N D U M   O P I N I O N

Appellant, Richard Anthony Amparan, was indicted for the first-degree felony offense of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2022). As a condition of a charge bargain, Appellant entered an open plea of guilty to the lesser included offense of aggravated sexual assault of a child and waived his right to a jury trial. *See id.* § 22.021(a)(1)(B)(i), (2)(B) (West 2019).

After a punishment hearing, the trial court assessed Appellant's punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and a $10,000 fine.

Appellant presents a single issue on appeal: that the trial court violated the Eighth Amendment's prohibition against excessive fines when it imposed the maximum sentence of life imprisonment and, without considering his indigent status, also assessed the maximum fine of $10,000 and attendant court costs against Appellant. We modify and affirm.

## I. *Factual Background*

After Appellant was indicted for the offense of continuous sexual abuse of a child, he negotiated a charge bargain with the State and entered an open and voluntary plea of guilty to the lesser included offense of aggravated sexual assault of a child. The trial court accepted Appellant's plea and ordered that a presentence investigation report (PSI) be prepared before the punishment hearing.

At the punishment hearing, the trial court took judicial notice of the PSI. The State presented the victim as a witness. Appellant presented two witnesses; he also testified. At the conclusion of the punishment hearing, the trial court found Appellant guilty of aggravated sexual assault of a child, assessed punishment, and sentenced Appellant accordingly.

### A. *Testimony of S.A.*

S.A. is Appellant's daughter and the victim of the charged offense; she was eleven years old when she testified at the punishment hearing. S.A. was reluctant to revisit what Appellant had done to her. She stated that she did not deserve to be sexually abused and that she wanted the trial court, when considering Appellant's punishment, "to think about" what Appellant had done to her.

B. *Testimony of Esaveal Sandate*

Esaveal Sandate is Appellant's younger sister. Sandate testified that Appellant had always been a kind and caring brother. According to Sandate, Appellant is "very responsible," "very respectful," and "very quiet." Although what S.A. endured was tragic, Sandate believed that Appellant would positively change and become a better person if he received counseling and was granted probation.

C. *Testimony of Wendie Crabtree*

Wendie Crabtree is Sandate's wife. Crabtree testified that Appellant is a "very hardworking man." According to Crabtree, Appellant deserved probation because "he's a very dependable, reliable man" who has changed and acknowledged that what "he [did] was wrong." Crabtree stated that Appellant would comply with the rules of probation.

D. *Testimony of Appellant*

Appellant generally accepted responsibility for abusing S.A. and testified that he should have "done better to take care of [S.A.] instead of abus[ing] her." Although the investigation and PSI revealed otherwise, Appellant denied that he committed certain acts of abuse against S.A., i.e., engaging in oral sex, engaging in anal sex, and displaying pornographic images.

Appellant stated that he began sexually abusing S.A. when she was nine years old. Appellant asked the trial court to grant probation so that he could "become a better person and . . . better member of society." Appellant had successfully completed deferred adjudication probation in the past and believed that he could again. Appellant even offered to terminate his parental rights if S.A.'s mother requested that he do so.

3

## II. *Analysis*

### A. *Preservation*

As a threshold matter, the State contends that Appellant waived his objection to the alleged unconstitutionality of the imposed sentence and the assessed fine and court costs because he failed to object or complain about these issues in the trial court. We agree.

To preserve error for appellate review, a party must make a timely request, objection, or motion to the trial court, state the specific grounds for the desired ruling, and obtain a ruling. TEX. R. APP. P. 33.1(a)(1)(A). Therefore, to preserve a complaint that an imposed sentence or assessed fine is disproportionate or excessive, as Appellant now asserts, a defendant must first raise the issue in the trial court. *See Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013). Here, Appellant did not assert a specific constitutional objection in the trial court at the time (1) his sentence was imposed and (2) the fine was assessed. Appellant did file a motion for new trial which alleged, in part, that "[t]he Defendant believes there was error in the punishment phase of his trial, either by the undersigned attorney, the prosecution, or the Court." This, however, is too broad a statement to place the trial court on notice of the complaints Appellant now raises on appeal. *See Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016) ("[A] general or imprecise objection will not preserve error for appeal unless 'the legal basis for the objection is *obvious* to the court and to opposing counsel.'" (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006))).

Because Appellant did not object in the trial court on the grounds that he now advances on appeal, he failed to preserve error for our review and has waived his complaint on appeal. *See Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (the failure

4

to raise Eighth Amendment issues in the trial court or in a motion for new trial will not preserve error for appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding that Eighth Amendment issues are subject to the rules of error preservation and are forfeited if not raised in the trial court); *Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd).

B. *Eighth Amendment Challenges*

Notwithstanding Appellant's waiver of his complaint, we conclude that the sentence, fine, and court costs imposed by the trial court are not violative of the Eighth Amendment's prohibition against excessive fines. When we review a trial court's sentencing determination, we note that trial courts are afforded "a great deal of discretion" in sentencing decisions. *Renfroe v. State*, 529 S.W.3d 229, 233 (Tex. App.—Eastland 2017, pet. ref'd) (quoting *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)). Therefore, we will not disturb a trial court's decision as to punishment absent a showing of an abuse of discretion and harm. *Id.* (citing *Jackson*, 680 S.W.2d at 814).

1. *Appellant's Sentence*

Punishment is generally not considered to be violative of the Eighth Amendment if the imposed sentence falls within the statutory range of punishment for the offense for which the defendant was convicted. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.). However, a narrow exception to this rule exists: when the sentence imposed is grossly disproportionate to the defendant's convicted offense, it may violate the Eighth Amendment, even if it is within the offense's statutory range of punishment. *Renfroe*, 529 S.W.3d at 233 (citing *Solem v. Helm*, 463 U.S. 277, 290–92 (1983)); *Sneed*, 406 S.W.3d at 643. Nevertheless, "[o]utside the context of capital punishment, successful challenges to the proportionality of

particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

To evaluate the proportionality of a sentence, the first step is to make a threshold comparison between the gravity of the offense for which the defendant was convicted, and the severity of the sentence imposed. *Simpson*, 488 S.W.3d at 322; *Renfroe*, 529 S.W.3d at 234; *Alvarez*, 525 S.W.3d at 893; *see Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring). When we analyze the gravity of the convicted offense, we review the harm caused or threatened to the victim, the culpability of the offender, and the offender's criminal history. *Simpson*, 488 S.W.3d at 323; *Renfroe*, 529 S.W.3d at 234. However, if we do not find a gross disproportionality, our analysis ends there. *See Harmelin*, 501 U.S. at 1005; *Renfroe*, 529 S.W.3d at 234 (citing *Bradfield v. State*, 42 S.W.3d 350, 353–54 (Tex. App.—Eastland 2001, pet. ref'd).

The punishment range for a first-degree felony offense, such as the lesser offense for which Appellant pleaded guilty, is either imprisonment for life or for any term of not more than ninety-nine years or less than five years. PENAL § 12.32(a) (West 2019). In addition to the term of imprisonment imposed, a fine not to exceed $10,000 may be assessed against the convicted defendant. *Id.* § 12.32(b). In this case, the trial court assessed Appellant's punishment at life imprisonment and a fine of $10,000; the trial court also assessed mandatory court costs of $290 and reimbursement fees of $120. Appellant argues that the trial court violated his right to be free from excessive fines under the Eighth Amendment when it sentenced him to life imprisonment and assessed, despite Appellant's indigency, a $10,000 fine, court costs of $290, and reimbursement fees of $120.

At the outset, we note that the legislature is vested with the authority to define criminal offenses and to prescribe the applicable fines and punishment for each

offense. *See State ex rel. Smith v. Blackwell*, 500 S.W.2d 97, 104 (Tex. Crim. App. 1973). Here, Appellant's sentence falls within the punishment range prescribed by the legislature for the offense for which he was convicted, i.e., aggravated sexual assault of a child. However, we cannot ignore the circumstances and gravity of this offense and the substantial harm and trauma endured by S.A. that resulted from Appellant's egregious conduct. Appellant admitted to sexually abusing S.A., his minor daughter, on multiple occasions. Further, the effect of Appellant's conduct and the harm that it caused to S.A. is irreparable.

Therefore, given the serious harm caused to S.A., Appellant's culpability for this offense, and Appellant's criminal history, we cannot say that the trial court either abused its discretion or violated Appellant's Eighth Amendment rights, when it assessed Appellant's punishment at life imprisonment. Contrary to Appellant's assertion, neither the imposition of a maximum sentence nor the assessment of a maximum fine, both of which are authorized by statute, necessarily implicate or result in an Eighth Amendment violation. *See Guillory v. State*, 652 S.W.3d 923, 930–31 (Tex. App.—Eastland 2022, no pet.) (the maximum sentence imposed by the trial court of twenty years' imprisonment for the offense of aggravated assault was not excessive or violative of the Eighth Amendment); *Hernandez v. State*, No. 11-17-00102-CR, 2019 WL 1496160, at *5–6 (Tex. App.—Eastland Apr. 4, 2019, pet. ref'd) (mem. op., not designated for publication) (a seventy-five year sentence for the offense of continuous sexual abuse of a child was not excessive).

### 2. *Assessment of Fine and Court Costs*

Turning now to Appellant's "excessive fines" argument, the fine amount assessed by the trial court is clearly within the statutory range prescribed by the legislature. *See* PENAL § 12.32(b). Punishment (which includes the assessment of a fine) that falls within the range authorized by statute is not excessive. *See Simpson*,

7

488 S.W.3d at 323; *Sneed*, 406 S.W.3d at 643. Nevertheless, Appellant argues that, based on his circumstances, the trial court's assessment of the maximum fine of $10,000 constitutes an "excessive fine" in violation of the Eighth Amendment. We disagree. As we have said, Appellant's conduct was egregious and caused significant harm and trauma to S.A. The record also shows that Appellant expressed little, if any, remorse for his conduct. Instead, and despite his admission to the convicted offense, Appellant elected to deny and minimize his actions. Considering the record before us, we cannot say that the $10,000 fine imposed by the trial court is either excessive or violative of the Eighth Amendment. *See Neeley v. State*, No. 02-14-00241-CR, 2015 WL 1967306, at *5 (Tex. App.—Fort Worth Apr. 30, 2015, no pet.) (mem. op., not designated for publication) (rejecting a similar argument that the assessment of a $10,000 fine was excessive).

Moreover, Appellant has not cited to or directed us to any case law or other authority that indicates a trial court must consider a defendant's indigence when assessing a fine. *Contra Williams v. Illinois*, 399 U.S. 235, 243 (1970) ("nothing . . . precludes a judge from imposing on an indigent, as on any defendant, the maximum penalty prescribed by law"). We further note that the order to withdraw funds from Appellant's Inmate Trust Account limits the funds to be withdrawn to a one-time initial payment of no more than 50% of the account deposit and monthly withdrawals of 10% of each month's deposit thereafter. *See Wright v. State*, 930 S.W.2d 131, 133–34 (Tex. App.—Dallas 1996, no pet.) ("The fact that appellant may be indigent for purposes of retaining trial and appellate counsel, however, does not compel the conclusion that he is indigent for purposes of paying his fine in twenty dollar monthly installments."). Because the trial court was not required to make a special accommodation or consideration of Appellant's indigence

when it assessed the $10,000 fine, the order to withdraw funds does not impose excessive terms on Appellant's obligation to pay the fine.

Finally, Appellant argues that, because he is indigent, the trial court abused its discretion when it assessed court costs and reimbursement fees against Appellant. We disagree. While it is improper to assess court-appointed attorney's fees against an indigent defendant, *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013), the Code of Criminal Procedure requires that a convicted defendant must pay legislatively mandated, court-ordered costs. *Osuna v. State*, No. 03-18-00239-CR, 2018 WL 3233733, at *10 (Tex. App.—Austin July 3, 2018, no pet.) (mem. op., not designated for publication). Court costs are "pre-determined, legislatively mandated obligations resulting from a conviction." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. arts. 42.15 (West Supp. 2022), 42.16 (West 2018). Further, and relevant to Appellant's claim, "[a] defendant's ability to pay is not relevant with respect to legislatively mandated court costs." *Rivers v. State*, No. 13-16-00407-CR, 2017 WL 2492610, at *1 (Tex. App.—Corpus Christi–Edinburg June 8, 2017, no pet.) (mem. op., not designated for publication) (alteration in original) (quoting *Allen v. State*, 426 S.W.3d 253, 258 (Tex. App.—Texarkana 2013, no pet.); *Martin v. State*, 405 S.W.3d 944, 947 (Tex. App.—Texarkana 2013, no pet.)). Therefore, indigent criminal defendants, such as Appellant, are not excused from paying mandatory court costs. *Uballe v. State*, No. 11-18-00131-CR, 2020 WL 3287142, at *2 (Tex. App.—Eastland June 18, 2020, no pet.) (mem. op., not designated for publication); *Anaya v. State*, No. 11-17-00076-CR, 2019 WL 1428612, at *5 (Tex. App.—Eastland Mar. 29, 2019, no pet.) (mem. op., not designated for publication).

For the reasons stated above, we overrule Appellant's sole issue on appeal.

C. *Modification of Judgment*

Although not raised by either party, we note that the judgment contains a nonreversible error. We have the authority to modify and reform the trial court's judgment to make the judgment speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

Here, the trial court's judgment erroneously recites that the "Statute for [the] Offense" for which Appellant was convicted is Section 21.02 of the Penal Code. However, Appellant pleaded guilty and was convicted of the lesser included offense of aggravated sexual assault of a child. *See* PENAL §§ 22.021(a)(1)(B)(i), (2)(B). Therefore, we modify the trial court's judgment to recite that the "Statute for [the] Offense" for which Appellant was convicted is "22.021(a)(1)(B)(i), (2)(B), Penal Code."

III. *This Court's Ruling*

As modified, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(b).

W. STACY TROTTER

JUSTICE

December 15, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.